UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Susan J. Lalli,                                              Civil No. 10-3591 (SRN/LIB)

        Plaintiff,

     v.                                            **MEMORANDUM OPINION**
                                                           **AND ORDER**

The United States Life Insurance Company
in the City of New York,

        Defendant.

___

Andrew R. Peterson and H. Jeffrey Peterson, Cope & Peterson, Ltd., 415 1st Street South, Virginia, MN 55792, for Plaintiff.

Scott A. Neilson and Wesley T. Graham, Henson & Efron, PA, 220 South 6th Street, Suite 1800, Minneapolis, MN 55402, for Defendant.

___

SUSAN RICHARD NELSON, United States District Judge

     This matter is before the Court on Defendant's Motion to Strike the Affidavit of Plaintiff's Rebuttal Expert and Preclude His Testimony. [Doc. No. 23]. For the reasons that follow, the motion is denied.

## I.    BACKGROUND

     Plaintiff brings this action to recover accidental death and dismemberment benefits from an insurance policy issued to her now-deceased husband, John J. Lalli. Mr. Lalli died in November 2009, after falling off a scale in October 2009 at a dialysis center at which he was being treated for renal disease. Defendant United States Life Insurance Company in the City of New York ("US Life") denied coverage for Mr. Lalli's death, contending that his fall merely

aggravated his already-serious illnesses. Those illnesses include the end-stage renal disease for which Mr. Lalli received thrice-weekly dialysis, diabetes, coronary artery disease, and congestive heart failure (including a history of at least one myocardial infarction), among others.

Mr. Lalli's fall caused serious head trauma and also fractured his leg. Because of the nature of the fracture, Mr. Lalli's leg had to be amputated. The amputation did not save Mr. Lalli's life, however, and he died slightly more than a month after his fall.

The underlying issue in the case is whether Mr. Lalli's death is excluded from coverage by the terms of the policy. The policy apparently excludes from coverage "any loss that results from or is caused directly, indirectly, wholly or partly by: . . . a physical or mental sickness, or treatment of that sickness." (Def.'s Supp. Mem. at 3 (emphases omitted).)[1] The policy also provides that it applies only when the death or dismemberment is caused "solely as a result of an accidental bodily injury." (Id. (emphases omitted).)

At issue in this motion is the affidavit of Plaintiff's rebuttal expert witness, Dr. Robert F. Donley, former chief of neurosurgery at St. Mary's Medical Center. According to US Life, this affidavit impermissibly raises new theories. US Life therefore asks the Court to strike the affidavit and preclude Dr. Donley from testifying at trial, or in the alternative to allow US Life to secure the services of an expert witness to rebut Dr. Donley's opinions and testimony.

**II. DISCUSSION**

Rule 37 allows the Court to issue any "just order[]" to enforce the proper progression of discovery, including striking pleadings or "prohibiting the disobedient party from supporting or

---

[1] Neither party provided the Court with a copy of the policy or any excerpts therefrom. The Court will accept US Life's representation as to the policy language for the purposes of this Motion.

opposing designated claims or defenses, or from introducing designated matters in evidence." Fed. R. Civ. P. 37(b)(2)(A)(ii)-(iii).  According to US Life, Dr. Donley's report is not a rebuttal report because it does not "contradict or rebut evidence" US Life presented, as provided by Rule 26.  Id. R. 26(a)(2)(D)(ii).

Plaintiff's initial expert witnesses were two of her husband's treating physicians: the nephrologist who had treated Mr. Lalli for 20 years, and the orthopaedic surgeon who performed the leg amputation.  In response, US Life secured the services of Dr. Uncini, the St. Louis County Medical Examiner who issued the death certificate for Mr. Lalli.  The death certificate lists the immediate cause of death as "subarachnoid and subdural hemorrhage" and the underlying cause as "fall."  (Graham Aff. Ex. J.)  The manner of death is listed as "accident."  (Id.)

In his expert affidavit, however, Dr. Uncini opined that the injuries Mr. Lalli received in the fall merely "aggravated" Mr. Lalli's pre-existing illnesses and "would not have caused his death if he had not been affected by" those pre-existing illnesses.  (Id. Ex. E ¶¶ 7-8.)  After receiving Dr. Uncini's affidavit, Plaintiff sought the opinion of Dr. Donley that is at issue in this motion.

Dr. Donley's expert affidavit explains Mr. Lalli suffered a subdural hematoma and subarachnoid hemorrhage in his fall.  (Id. Ex. B. ¶ 12.)  He further explains what a subdural hematoma and subarachnoid hemorrhage are, and how he believes those caused Mr. Lalli's death.  (Id. ¶¶ 13-16.)  He opines that the injuries Mr. Lalli received would have killed him even if he had not had other medical issues.  (Id. ¶ 20.)

US Life argues that this affidavit presents a new theory or new explanation of Plaintiff's

case-in-chief, and therefore is not proper rebuttal testimony. As an alternative to striking Dr. Donley's affidavit and precluding his testimony, US Life asks for the opportunity to retain its own expert witness neurologist to rebut Dr. Donley's opinions.

But Dr. Donley's affidavit does not set forth a new theory of the case. Rather, that affidavit more fully explains both Plaintiff's and US Life's existing theories of what happened to Mr. Lalli. As one of the cases on which US Life relies explains, a rebuttal expert "must restrict [his] testimony to attacking the theories offered by the adversary's experts." Int'l Bus. Machs. Corp. v. Fasco, No. C-93-20326, 1995 WL 115421, at *3 (N.D. Cal. Mar. 15, 1995). This is precisely what Dr. Donley did here. Dr. Uncini's opinion, as expressed in his affidavit and seemingly contrary to that of the death certificate, is that the subdural hematoma and subarachnoid hemorrhage merely aggravated Mr. Lalli's illnesses and did not cause his death. Dr. Donley's opinion is that those events did cause Mr. Lalli's death, a clear rebuttal of Dr. Uncini's opinion. Dr. Donley therefore qualifies as a rebuttal expert witness and the motion must be denied.

US Life requests in the alternative to be allowed to find its own expert neurologist to rebut Dr. Donley's opinions. US Life's request, however, could lead to an unending parade of expert witnesses in this case. Dr. Uncini is a qualified expert witness and can certainly testify as to his opinions regarding the effect of the head trauma Mr. Lalli suffered. Another expert witness is simply not warranted.

The Court notes that the trial date for this matter is fast approaching. Accordingly, as stated at the hearing, the Court will require the parties to schedule a settlement conference in mid- to late-September with Magistrate Judge Brisbois.

### III. CONCLUSION

US Life has failed to establish that Dr. Donley is not a true rebuttal expert witness, and the motion is therefore without merit. The Court will deny the motion without prejudice, however, to allow US Life the opportunity to challenge other aspects of Dr. Donley's testimony prior to trial, should that be necessary.

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Strike Affidavit of Plaintiff's Rebuttal Expert [Doc. No. 23] is **DENIED WITHOUT PREJUDICE**; and

2. The parties shall schedule a settlement conference with Magistrate Judge Brisbois in September 2011.

Dated:  July 1, 2011                              s/ Susan Richard Nelson
                                                  SUSAN RICHARD NELSON
                                                  United States District Judge